829 F.2d 36
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. RIGGS, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services, Appellee.
 No. 85-2016
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1986.
Re-Argued April 7, 1987.
Decided September 11, 1987.
 
 Joseph J. Golian (Clifford M. Farrell, Barkan & Neff Co., L.P.A., Redmond & McFarland, Robert J. Dodd, Jr. Co., L.P.A., on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services (David A. Faber, United States Attorney, Marye L. Wright, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action under Section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), was brought by the appellant to review the final decision of the Secretary of Health and Human Services denying his fourth application dated August 4, 1983 for a period of disability and disability insurance benefits.[1]
 
 
 2
 The appellant William E. Riggs was born June 14, 1927; he obtained a high school equivalency certificate (GED) and has been trained in electrical engineering. He worked as an inspector and as an electrical supervisor in industrial engineering. He alleged disability because of a rigid neck which had resulted from three industrial accidents, an anterior cervical fusion, cervical degenerative joint disease, and several psychological problems which he alleged reduced his ability to cope with stress.
 
 
 3
 The Administrative Law Judge in a decision dated August 13, 1984 found that the limitations imposed by appellant's physical and mental impairments would not prevent him from returning to his past relevant work. The Appeals Council affirmed this finding. The appellant then filed an action in district court, and the district court, after hearing, found that substantial evidence supported the finding of the Secretary, and affirmed. This appeal followed. We affirm.
 
 
 4
 Before oral arguments appellant moved to remand his case to the Secretary so that his alleged mental impairments might be evaluated under revised medical regulations.[2] This motion was denied without prejudice to the right of appellant to renew the motion. The appellant has renewed his motion to remand and supplemental briefs have been filed, but we do not find that remand is called for in this case. The decision of the district court is supported by substantial evidence, and the the judgment of the district court is accordingly
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 In this application appellant alleged disability commencing on March 1, 1981, Appellant had filed other applications and the Administrative Law Judge (ALJ) determined in his decision dated August 13, 1984, that the December 17, 1982 denial of appellant's third application was res judicata as to the issue of disability on or before that date
 
 
 [2]
 Social Security Disability Benefits Reform Act of 1984, Pub. L. 98-460, 98 Stat. 1974, 98 Stat. 1797, 98 Stat. 1801, 98 Stat. 1802, 42 U.S.C. Sec. 421